Below is an Opinion of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 09-30495-rld7
JOHN A. PAHL, )
) MEMORANDUM OPINION AND ORDER
Debtor. )

On April 4, 2013, after an evidentiary hearing ("Hearing") on April 2, 2013, I issued a Memorandum Opinion (Docket No. 138) stating my findings of fact and conclusions of law with respect to the Amended Final Application for Accountants' Compensation, filed by Henderson Bennington Moshofsky PC ("Henderson"), as accountants for the chapter 7[1] trustee. On April 5, 2013, I issued an Order ("Order") (Docket No. 139) overruling the debtor John A. Pahl's ("Mr. Pahl") objections to my approving compensation to Henderson and awarding Henderson $2,875.25 fees and $12.50 expenses, for total compensation of $2,887.75, consistent with my determinations in the Memorandum Opinion. On April 30, 2013, Mr. Pahl

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 1 - MEMORANDUM OPINION AND ORDER

filed a Motion to Reconsider Order Awarding Compensation ("Motion to Reconsider") (Docket No. 142) to Henderson, requesting that I rescind the Order and deny compensation to Henderson. My consideration and disposition of the Motion to Reconsider follow.

## Discussion

"Motions for reconsideration," as such, are not recognized in the Rules or Civil Rules. Motions, such as the Motion to Reconsider, are treated either as motions to alter or amend a judgment under Civil Rule 59, applicable in bankruptcy under Rule 9023, or motions for relief from a judgment or order under Civil Rule 60, applicable in bankruptcy under Rule 9024. However, Rule 9023 provides that a motion to alter or amend a judgment or order "shall be filed . . . no later than 14 days after entry of judgment." Since the Motion to Reconsider was filed 25 days after the Order was entered, I will consider it as a motion for relief from the Order under Rule 9024.

Civil Rule 60(b) provides the reasons why a court may grant relief from a final order or judgment. Arguably most applicable in this case are Civil Rule 60(b)(1), which allows a court to grant relief from a final order based on "mistake, inadvertence, surprise or excusable neglect," and Civil Rule 60(b)(6), which allows a court to grant relief for "any other reason that justifies relief." "Civil Rule 60(b)(6) is to be used sparingly to prevent manifest injustice, and only granted if there is a showing by the movant of 'extraordinary circumstances.'" Gelb v. United States Trustee (In re Gelb), 2013 WL 1296790 (9th Cir. BAP March 29, 2013) (unpublished), quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Page 2 - MEMORANDUM OPINION AND ORDER

In the Motion to Reconsider, Mr. Pahl does not argue that I erred as a matter of law in entering the Order. Rather, without submitting any newly discovered evidence, he states seven reasons why he thinks that I clearly erred on the facts in granting compensation to Henderson in the Order in the amount requested.

In making the fact findings set forth in the Memorandum Opinion, I carefully considered the evidentiary record presented at the Hearing in light of the history of Mr. Pahl's chapter 7 case, as reflected on the docket. I understand that Mr. Pahl disagrees with my fact findings, but nothing he states in the Motion to Reconsider convinces me that my fact findings were mistaken based on the Hearing record. As the Memorandum Opinion reflects, they certainly were not the products of inadvertence, and this matter does not rise to the level of "extraordinary circumstances" that would justify relief under Civil Rule 60(b)(6). My conclusion is that the Motion to Reconsider should be denied.

Accordingly, IT IS ORDERED that the Motion to Reconsider is DENIED.

###

cc: John A. Pahl
Kenneth S. Eiler, Trustee
Henderson Bennington Moshofsky, PC

Page 3 - MEMORANDUM OPINION AND ORDER